**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:11-CR-27 (WLS) |
| DONTREAL M. JENKINS and TREVAYNE D. JONES, | : |
| Defendants. | : |

## ORDER

Pursuant to 18 U.S.C. § 3143(b), Defendant Trevayne Jones has filed a Motion for Bond Pending Appeal, seeking release pending the appeal of his convictions and sentences. (Doc. 204.) This Court, having fully considered Defendant's Motion and the Government's Response, and the arguments therein, finds that Defendant's Motion for Bond (Doc. 204) should be **DENIED**.

## I. BACKGROUND

Defendant Trevayne D. Jones was convicted, following a jury trial, of four criminal offenses: Conspiracy to Embezzle Public Monies in violation of 18 U.S.C. §§ 641 and 371 (Count I), Embezzlement of Government Property in violation of 18 U.S.C. § 641 (Count II), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (Count III), and Misleading Statements in violation of 18 U.S.C. § 1512(b)(3) (Count IX).

On July 11, 2013, the Court sentenced Defendant to a total imprisonment of 133 months, with Count I (60 months), Count II (109 months), and Count IX (109 months) to run concurrently to each other, and Count III (24 months) to run consecutive to all other counts. Defendant was also sentenced to three years of supervised release and

1

ordered to pay a mandatory assessment fee of $400 and restitution in the amount of $713,000. The Court entered its Judgment on July 23, 2013. (Doc. 186.) In its Judgment Order, the Court ordered that Defendant be remanded to the custody of the U.S. Marshal's Office. (*Id.* at 3.) Nevertheless, Defendant is currently on bond awaiting his self-report date of August 24, 2013. (Doc. 204 at 2.) Defendant has filed a Notice of Appeal of his conviction and sentence. (Doc. 190.) Defendant has also filed the instant motion, seeking a release from custody pending appeal. (Doc. 204.) It is this Motion that is currently before the Court for review.[1]

## II. The Parties' Arguments

In moving for his bond pending appeal, Defendant relies on 18 U.S.C. § 3143(b), which provides for release pending appeal if the Court finds that: (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Defendant argues that all factors are satisfied, thereby justifying his release pending appeal.

Per Defendant, the Government has twice moved for his detention, and both times the United States Magistrate found that Defendant was allowed to remain on bond. (Doc. 204 at 2.) Thus, Defendant contends that these facts, coupled with the fact that he has complied with all conditions of his bond at all times, demonstrate that he is

---

[1] Defendant requested a hearing on this motion. The Court finds, however, that the issues presented herein are rather straightforward and require no further development via a hearing.

2

not a flight risk and does not pose a danger to any person or the community. (*Id.*) As to the second prong, Defendant states that his appeal is not for the purpose of delay; rather it is to "address a substantial issue regarding the sufficiency of evidence presented at [Defendant's] trial." (*Id.* at 3.) Defendant further argues that the issues he will raise on appeal present a substantial question of law or fact. (*Id.*) In support of this contention, Defendant contends that the Government failed to present evidence that he knew of the conspiracy and was aware of its overall scheme, such that there was evidence sufficient to sustain the jury's convictions as to Counts I and II. (*Id.* at 4.) Specifically, Defendant argues that the Government did not present evidence that Defendant knew that the checks were coming from Atlanta or that Defendant entered into an agreement to receive stolen U.S. Treasury checks. (*Id.*)

As to Count III—Aggravated Identity Theft, Defendant contends that the Government failed to show that he had knowledge that the U.S. Treasury checks were authentic and bore the name of actual persons. (*Id.* at 5.) Finally, as to Count IX—Misleading Statements, Defendant contends that the statements he made were not misleading and that the evidence submitted by the Government did not support a conviction on this count. (*Id.*)

The Government opposes Defendant's release pending appeal. (Doc. 205.) Per the Government, Defendant cannot satisfy any of the elements for release. As to the first element, the Government states that Defendant cannot show he is not a danger to the community because 1) Defendant was convicted of possession of marijuana with intent to distribute in September 2003, 2) Defendant has acknowledged 20 years of personal marijuana use and 3) Defendant has been convicted of conspiracy to steal monies from the government and steal the identities of over 300 individuals, and as

such, Defendant poses an economic threat and danger to the community. (*Id.* at 2-3.) The Government also contends that Defendant is a risk of flight now that he faces 133 months in prison. (*Id.* at 4.) The Government also argues that Defendant has failed to present a substantial question on the sufficiency of the evidence. (*Id.*) The Government points out that Defendant was convicted based on video evidence, a recorded video statement, coconspirator statements, circumstantial evidence, and the testimony of a cooperating conspirator. (*Id.*) Finally, the Government contends that this Motion is simply meant to delay Defendant's report date. (*Id.*)

### III. <u>Discussion</u>

After reviewing the parties' briefs and the arguments therein, the Court finds that even if Defendant can show that he is not a danger to the community or a flight risk, Defendant's request should still be denied because he has failed to demonstrate that his appeal raises a "substantial question of law or fact . . . likely to result in reversal or an order for a new trial of *all* counts on which imprisonment has been imposed."

When considering whether a defendant should be released pending appeal pursuant to § 3143(b), the Eleventh Circuit defines a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). A "substantial question" is not limited to only a certain category of issues. *Id.* As such, "[w]hether a question is 'substantial' must be determined on a case-by-case basis." *Id.*

Here, Defendant raises only arguments regarding the sufficiency of the evidence, arguments that the Court previously considered, and rejected, in its Order denying Defendant's Federal Rule of Civil Procedure 29 Motion for Judgment of Acquittal (Doc.

177). Specifically, in its order denying Defendant's Rule 29 Motion, the Court cited to numerous pieces of evidence that provided proof to sustain the jury's verdict on both Counts I and III.[2] Although the Court did not have the occasion to discuss the evidence sustaining Counts II (Embezzlement of Government Property) and Count IX (Misleading Statements) because Defendant did not challenge the jury's verdict on these counts in his oral Rule 29 Motion or brief in support, (*see generally* Doc. 160), their inclusion in this motion does not change the Court's conclusion below that Defendant is not entitled to bond pending appeal. As noted above, § 3143(b) requires that the Defendant demonstrate that his appeal presents a "substantial question of law or fact . . . likely to result in reversal or an order for a new trial of *all* counts on which imprisonment has been imposed." Thus, even if Counts II and IX present, by themselves, substantial questions of law or fact not previously addressed by this Court on sufficiency-of-the-evidence grounds, Defendant's motion would still be subject to denial as to Counts I and III for the reasons stated in the Court's Order denying Defendant's Rule 29 Motion.

Simply put, Defendant's arguments regarding sufficiency of the evidence were insufficient to overturn the jury's verdict under Rule 29, and are now insufficient to create a "substantial question" on appeal. *See United States v. Fernandez*, No. 87-0217, 1988 WL 34941, at *2 (S.D. Fla. Apr. 13, 1988) ("Ordinarily, the sufficiency of the evidence as distinguished from a total lack of evidence does not in itself establish a substantial question: if that were the standard, every case raising this common ground would entitle the defendant to bond pending appeal.") Accordingly, for the reasons

---

[2] The Court will not restate the conclusions that were fully addressed in the Court's Rule 29 Order (Doc. 177), especially in light of the fact that the instant motion appears to have done nothing but recast the same arguments Defendant made in his brief in support of his oral motion for judgment of acquittal, while tossing in brief arguments on counts—Counts II and IX—not previously challenged.

5

stated herein, having carefully considered the arguments of Defendant as presented in his Motion for Bond Pending Appeal (Doc. 204), the Court finds that Defendant's Motion should be, and is, hereby **DENIED**.

**SO ORDERED** this  22nd  day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**
